IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MID-ATLANTIC STEEL, LLC,**<br><br>*Plaintiff,*<br><br>v.<br><br>**ERNEST BOCK & SONS, INC.,**<br><br>*Defendant/Third Party Plaintiff,*<br><br>v.<br><br>**CCP DEVELOPMENT, LLC,**<br><br>*Third-Party Defendant.* | **Case No. 2:24-cv-00071-JDW** |

## MEMORANDUM

Contracts are about predictability. They allow parties facing an uncertain future to define their relationship. In most contracts, the initial focus is on the economic terms that will govern the parties, but provisions about what happens if things take a turn for the worse also serve that purpose. Forum selection clauses are one example; they ensure the parties to a contract will know the forum that will hear their dispute if a problem arises. Courts presume those clauses to be valid and enforce them other than in certain exceptional circumstances because doing so furthers the parties' intent on the front end. In this case, a contractual forum selection clause governs a dispute between Ernest Bock & Sons, Inc., ("EBS") and CCP Development, LLC that requires them to pursue litigation about any disputes between them in the Philadelphia Court of Common Pleas. EBS argues

that I shouldn't enforce that clause, but it hasn't given me a reason to upset the agreement. I will therefore grant CCP Development's motion to dismiss EBS's third-party complaint against it.

## I. RELEVANT BACKGROUND

In October 2019, the Community College of Philadelphia ("CCP") entered a contract with EBS for the construction of a Career and Advanced Technology Center (the "Agreement"). Section 15.2.8 of the Agreement includes a forum selection clause (the "Forum Selection Clause") that provides, "Claims, disputes, or other matters in question between the parties to the contract arising out of or relating to the Contract or breach thereof shall be exclusively litigated in the Court of Common Pleas of Philadelphia." (ECF No. 31-2 at p. 94, § 15.2.8.) With EBS's consent, CCP assigned its rights under the Agreement to CCP Development.

EBS subcontracted with Mid-Atlantic Steel, LLC ("MAS") for structural steel and miscellaneous metal work on the Project. The subcontract between EBS and MAS provides, "Payment by [CCP Development] to [EBS] for the work and/or materials invoiced by [MAS] shall be a condition precedent to EBS's obligation to pay [MAS]." (ECF No. 1-3 at Ex. A—Page 2.) MAS completed its work and fulfilled all obligations under the subcontract but hasn't received its final payment from EBS. MAS therefore filed this suit against EBS, seeking final payment. EBS, in defense, invokes the pay-if-paid clause and argues that because CCP Development hasn't paid EBS, EBS has no obligation to pay MAS.

MAS and EBS agree the pay-if-paid provision is valid. However, MAS contends that the prevention doctrine blocks EBS from enforcing the provision because EBS's actions contributed to CCP Development's nonpayment.

EBS filed a third-party complaint against CCP Development alleging, among other claims, that CCP Development's failure to pay is the reason it hasn't paid MAS. CCP Development claims the project is incomplete and says that it is withholding payment because major construction deficiencies exist that EBS must address. EBS alleges that CCP Development caused delays and that, even if CCP Development can withhold payment, it is withholding too much and should release partial payment.

CCP Development filed moved to dismiss the third-party claims based on the Forum Selection Clause's designation of the Philadelphia Court Of Common Pleas as the exclusive forum for disputes between CCP Development and EBS. That motion is ripe.

## II.     LEGAL STANDARD

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the district court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means the court must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

The Parties don't dispute the interpretation of the Forum Selection Clause. Instead, their dispute centers on whether I should enforce it.[1] In the Third Circuit, forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1219 (3d Cir. 1991) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 477 U.S. 1, 10 (1972)). A party can overcome a forum selection clause if it makes a strong showing that (A) it is the result of fraud or overreaching, (B) enforcement would violate a strong public policy of the forum, or (C) enforcement would in the circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable. *See Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983), *overruled on other grounds by Lauro Lines v. Chasser*, 490 U.S. 495 (1989).

EBS does not argue that the Forum Selection Clause is a result of fraud or overreaching or that enforcement would violate a strong public policy in Pennsylvania. In an apparent effort to invoke the third prong—inconvenience or unreasonableness—EBS argues that the state court would be an inefficient forum because MAS's claim against EBS would still be pending here. But inefficiency and inconvenience are not the same, and

---

[1] In the Third Circuit, there are two ways to invoke a forum selection clause that selects a state forum: (A) a motion to dismiss under Rule 12(b)(6) (*see Salovaara Jackson Nat. Life Ins. Co.*, 246 F.3d 289 (3d Cir. 2001)); and (B) a motion to dismiss on grounds of *forum non conveniens* (*see Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 60 (2013)).

"considerations of judicial economy alone do not permit courts to ignore a presumptively valid forum selection clause." *Hydak v. Dominion Energy Transmission, Inc.*, 2022 WL 1423283, at * 4 (W.D. Pa. May 5, 2022) (quoting *Pinkus v. Sirius XM Radio Inc.*, 255 F. Supp.3d 747, 751 (N.D. Ill. 2017) (cleaned up)).

In this case, nothing prevents both cases from proceeding in their respective fora.[2] Mid-Atlantic can pursue its claims against EBS in this Court, and EBS can pursue its claims against CCP Development in state court. There might be overlap between the issues in the two cases, particularly from MAS's invocation of the prevention doctrine, which tees up questions of EBS's performance of its contract with CCP Development. But that overlap isn't the whole issue in either case, and it's not enough to change the analysis. Therefore, I therefore have no basis not to enforce the Forum Selection Clause.

In its Opposition, EBS makes arguments why a *forum non conveniens* analysis does not favor enforcement of the Forum Selection Clause. It's not clear to me that a *forum non conveniens* analysis matters in this case. CCP Development does not invoke the *forum non conveniens* doctrine as a basis to dismiss the case or enforce the Forum Selection

---

[2] CCP Development argues the Forum Selection Clause applies to MAS's claim against EBS because the subcontract between MAS and EBS has the same language. As a third party to the dispute between MAS and EBS, CCP Development doesn't have standing to challenge venue of the original complaint. *See Thar Process, Inc. v. Sound Wellness, LLC*, Civ. No. 20-945, 2021 WL 1110572, at * 4 (W.D. Pa. Mar. 23, 2021). EBS has not challenged venue or invoked a forum selection clause, so it has waived the issue, and I will not reach it. *See In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 407 (3d Cir. 2017).

5

Clause. On the other hand, in *Atlantic Marine*, the Supreme Court explained that the "appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens.*" 571 U.S. at 60. Even if I conduct that analysis, though, I still wind up in the same place.

In a typical *forum non conveniens* analysis, a judge analyzes four factors: (1) the deference given to the plaintiff's choice of forum; (2) the availability of an adequate alternative forum; (3) the private interest factors affecting convenience of the litigants; and (4) the public interest factors affecting convenience of the forum. *See Kisano Trade & Invest Ltd. v. Lemster*, 737 F.3d 869, 873 (3d Cir. 2013). When there's a valid forum selection clause, *Atlantic Marine* shifts the analysis by giving no weight to the plaintiff's choice of forum and assuming the parties' private interests "weigh entirely in favor of the preselected forum." *Atl. Marine*, 571 U.S. at 64. So, I focus on the second and fourth factors, which only override a forum selection clause in the most "unusual" and "extraordinary" situations. *See Collins on behalf of herself v. Mary Kay, Inc.*, 874 F.3d 176, 186 (3d Cir. 2017). Those factors favor dismissal.

*First*, the Court Of Common Pleas is an adequate forum to hear this dispute. It might be true, as EBS argues, that this Court resolves cases faster than the Common Pleas Court, but EBS would have to show that the Common Pleas Court is so slow as to render the forum inadequate, and it hasn't made that showing. *Second*, the possibility of parallel litigation does not mean that public interest factors require me to disregard the Forum

6

Selection Clause, for the reasons I've already stated. Even if efficiency were a concern, I can always coordinate with the Common Pleas Court or stay MAS's claims pending the resolution of the dispute between EBS and CCP Development. In addition, EBS ignores the fact that the parties' dispute raises some apparently novel questions about an amendment from 2018 to Pennsylvania's Contractor and Subcontractor Act. While I can interpret a Pennsylvania statute, public policy favors giving Pennsylvania courts an opportunity to do so in the first instance, all else being equal. In total, EBS hasn't met the "heavy burden under *Atlantic Marine*" as the party resisting the forum selection clause. *Collins On behalf of herself*, 874 F.3d at 187.

## IV.   CONCLUSION

The Forum Selection Clause between CCP Development and MAS is presumptively valid and chooses the Court of Common Pleas to resolve disputes. EBS fails to overcome its heavy burden of showing that I should not enforce the Forum Selection Clause. I will therefore grant CCP Development's motion and dismiss EBS's claims against CCP Development so that EBS can refile them in state court. An appropriate Order follows.

**BY THE COURT**:

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

April 16, 2025

7